## No. 23612.

HAROLD HENNIGH, FERN HENNIGH AND RONALD GREGORY *v.* THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BOULDER, STATE OF COLORADO, THE BOARD OF ADJUSTMENT OF THE COUNTY OF BOULDER, STATE OF COLORADO, AND THE COUNTY BUILDING INSPECTOR OF THE COUNTY OF BOULDER, STATE OF COLORADO.

(450 P.2d 73)

Decided February 10, 1969.

KLAUBER, KAYNE AND KERNER, for plaintiffs in error.

No appearance for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.*

Plaintiffs in error Harold and Fern Hennigh are joint owners of real estate situated in the "immediate vicinity" of real property owned by Martin Marietta Company in Boulder county. Plaintiff in error Gregory is the owner of other real property similarly situated. All plaintiffs in error will be referred to as plaintiffs. Martin Marietta Company will hereinafter be referred to as the corporation.

It is alleged in their complaint that the above named corporation submitted a request to the Boulder County Board of Adjustment for a variance permitting the corporation to construct buildings on its property with heights in excess of the limitations of the zoning restrictions fixed by the applicable zoning resolutions of Boulder county.

The application for variance was approved by the defendants in error in proceedings conducted in various stages before the purported Board of Adjustment and the Board of County Commissioners. In review of these proceedings before the district court the variance granted by the defendants in error was approved. Plaintiffs who appeared in opposition to the application for the variance are here on writ of error and urge a reversal of the judgment upon several grounds.

No good purpose would be served by setting forth in this opinion the grounds upon which the plaintiffs rely for reversal. Martin Marietta Company, the applicant in proceedings before the Board of Adjustment, benefited by the orders entered following the hearings on its application. It was the moving and prevailing party before the Board of Adjustment and is an indispensable party to any proceedings in the trial court

*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

and in this court, the purpose of which is to invalidate the action of the Board of Adjustment. R.C.P. Colo. 19. The corporation was not made a party in the review proceedings before the district court. Nothing in the record indicates that it had any notice that the action of the Board of Adjustment was under attack in the district court or here. It is equally clear that it has had no notice of the pendency of the action in this court. It had every reason to assume that the orders entered by the Board of Adjustment were final and may well have acted to its prejudice in reliance thereon. In *Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234, this court approved the following test concerning the meaning of the term "indispensable party" to wit:

"Is the absent person's interest in the subject matter of the litigation such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the right of such absent person?"

Applying this test to the instant action it is obvious that if the relief sought by the plaintiffs in the trial court had been granted, the rights of Martin Marietta Company would have been injuriously affected. The same result would follow if this court were to reverse the judgment.

Accordingly, the writ of error is dismissed.

MR. JUSTICE KELLEY not participating.