## No. 26066

**Western Paving Construction Co., a Colorado corporation, and North Table Mountain Corporation, a Colorado corporation v. The District Court in and for the County of Jefferson and State of Colorado, the First Judicial District, and the Honorable Winston W. Wolvington, one of the District Judges of said Court; and the City of Golden, a Municipal corporation; Marion Morgan; Zella B. Cameron; Ernest D. Cameron; John O. Kork; Daniel H. McDougall; C. Samuel Miller; Ida G. Massey, James L. Sullivan; Herchanna Sullivan; Walter Melnick; Thomas H. Dahl and Jefferson County Board of Adjustment**

(515 P.2d 465)

Decided November 5, 1973.

Davis, Graham & Stubbs, Arthur E. Otten, Jr., Richard W. Daily, Holley, Boatright & Villano, George Alan Holley, David C. Deuben, for petitioners.

Alperstein, Plaut and Barnes, P.C., Frank Plaut, Roy G. Olson, Jr., for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding under C.A.R. 21, seeking relief in the nature of prohibition. The basis for the petition is the failure of the respondent City of Golden to join petitioners Western Paving Construction Co. and North Table Mountain Corporation in a petition for certiorari to review the action of the Jefferson County Board of Adjustment in issuing a special permit to extract rock, sand and gravel. Petitioners are the holders of that special permit. The cause proceeded to judgment without the joinder of petitioners, and the respondent court ordered the special permit revoked. Not being parties to the proceeding, petitioners sought relief

176

in this court.

 In *Hennigh v. County Commissioners,* 168 Colo. 128, 450 P.2d 73 (1969), we held that one whose application for a rezoning is challenged in court is an indispensable party to that proceeding. In *Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P.2d 632, we held that the failure to join an indispensable party rendered the judgment a nullity. For the reasons more completely discussed in *Hidden Lake,* the respondent court could not enter a valid judgment to deprive the petitioners of their permit without the presence of Western Paving Construction Co. and North Table Mountain Corporation. The judgment and the order revoking the special permit are of no legal force. The judgment must, therefore, be set aside. Respondent court is directed to vacate its order revoking the special permit and to dismiss the action.

The rule is made absolute.

MR. JUSTICE HODGES does not participate.