## No. 26368

The Civil Service Commission, consisting of L. C. Richards, Adolph Turkowski, and Harley O. Mullins; The City of Aurora, a municipal corporation; W. Robert Semple, City Manager of the City of Aurora; The Police Department of the City of Aurora, and J. D. Putman, as the Chief of Police of the City of Aurora v. The District Court in and for the County of Adams and State of Colorado and the Honorable Oyer G. Leary; and Robert E. O'Harrow

(522 P.2d 1231)

Decided June 3, 1974.

Leland M. Coulter, Richard Kaufman, for petitioners.

Medina and Borrillo, for respondents.

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding by petitioner Civil Service Commission of Aurora for a writ of prohibition directing the respondent district court to dismiss a complaint filed under C.R.C.P. 106(a)(4) for the failure to timely join indispensable parties. We issued a rule to show cause why such relief should not be granted, and the respective parties have briefed the issue before the court. We make the rule absolute.

I.

Respondent Robert E. O'Harrow is a police officer of the Aurora, Colorado, police department. He, together with four other eligible officers, were examined for promotion to Police Lieutenant. There were two positions open. Based on the composite scores compiled from written and oral examinations, O'Harrow received the fourth highest score. His written examination, however, was the second highest. His oral examination was the lowest of five. O'Harrow obtained counsel for purposes of challenging the oral examination results.

In due course, O'Harrow exhausted his administrative remedies for review by the commission, and on December 19, 1973, the commission denied him relief. On January 1, 1974, the promotion of two other officers, Gigikos and Blake, who

obtained the two highest composite scores, was announced. O'Harrow filed a complaint seeking judicial review of the civil service action in the district court pursuant to C.R.C.P. 106(a)(4). Named defendants were the commission, Aurora City Manager, the police department and police chief. *Officers Gigikos and Blake, the successful promotees on the challenged examination, were not named as party defendants.*

In the prayer for relief, O'Harrow essentially challenged the promotion of Blake and Gigikos and requested the court to set aside those promotions and order that O'Harrow be promoted. In its answer to the complaint, the commission challenged the failure of respondent to join — as indispensable parties — officers Gigikos and Blake, the successful promotees. On hearing of the motion to dismiss, despite the fact that the 30-day limitation of C.R.C.P. 106(b) had then run and the original complaint had failed to join officers Gigikos and Blake, the respondent court permitted the joinder of Gigikos and Blake and denied petitioner's motion to dismiss the proceedings. Alleging the trial court was without jurisdiction, petitioner then brought this original proceeding.

II.

In the recent decisions of *Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P.2d 632 (1973), and *Western Paving Construction Co. v. District Court,* 183 Colo. 174, 515 P.2d 465 (1973), we have held that, absent a special statutory procedure, the limitation of C.R.C.P. 106(b) that actions challenging agency action be brought within 30 days, together with the requirement that all indispensable parties be joined, divested a district court of jurisdiction to entertain such proceeding or to later add the parties after the 30-day period had expired. Our reasoning in those decisions, we reiterate, was that due process requires that an indispensable party be given the opportunity to protect whatever rights accrued as a consequence of the challenged agency action, and that later amendment was improper if sought after the 30-day limitation had run. In short, for the rule of *Hidden Lake* to obtain there must be the failure to join an indispensable party in the original complaint under C.R.C.P.

106(a)(4) and amendment *after* the 30-day period has expired.

III.

The threshold question here is whether officers Gigikos and Blake were indispensable parties to the proceeding challenging the civil service promotion.

▌▌ Whether or not a party is indispensable turns on the facts of each case. C.R.C.P. 19, the basis for indispensable parties, states in part:

"(a) *Persons to be Joined if Feasible.* A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) In his absence complete relief cannot be accorded among those already parties, *or* (2) *he claims an interest relating to the subject of the action* and is so situated that the disposition of the action in his absence *may:* (A) *As a practical matter impair or impede* his ability to protect that interest * * *." (Emphasis added.)

▌ On the basis of this rule, we set forth the following test of indispensable parties in *Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234 (1963):

" '* * * Is the absent person's interest in the subject matter of the litigation such that no decree can be entered in the case which will do justice between the parties actually before the court *without injuriously affecting the right of such absent person?* ' " (Emphasis added.)

In *Hennigh v. County Commissioners,* 168 Colo. 128, 450 P.2d 73 (1969), we held that the successful applicant for a rezoning, having obtained the right to use the land for the rezoned use, was an indispensable party to a proceeding challenging that agency action. *Hidden Lake, supra,* and *Western Paving, supra,* follow that rule.

▌ In view of the facts of this case, we find the principles of those decisions equally applicable. Officers Gigikos and Blake were promoted effective January 1, 1974. The petition of O'Harrow challenged their promotions and, "as a practical matter," C.R.C.P. 19(a)(2), their rights to their new positions are in jeopardy. There were only two openings. If O'Harrow

were to prevail, then, one of those officers would most likely be demoted or both could be required to retake the examination if the commission were ordered to set aside the results of the examination challenged by O'Harrow. Thus their interests most certainly would be "injuriously affected." *Woodco, supra.*

The failure of the respondent to join the two fellow examinees as indispensable parties prior to the expiration of the 30-day period divested the respondent court of jurisdiction.

We therefore make the rule absolute.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.