No. 26558

The Civil Service Commission of the City and County of Denver, consisting of Ted Bach, Houston Gibson, and Jesse Manzanares, Commissioners thereof; The City and County of Denver, a municipal corporation; The Manager of Safety of the City and County of Denver and Daniel P. Cronin as Manager of Safety for the City and County of Denver; The Police Department of the City and County of Denver and Arthur G. Dill as Chief of Police of the City and County of Denver v. The District Court of the Second Judicial District in and for the City and County of Denver, State of Colorado, and the Honorable Edward G. Byrne, District Court Judge in and for the City and County of Denver, Salvador Rivera, George E. Myers, John T. Butts, Gordon F. Hamby, Charles L. Donahue, Quentin R. Konecny, John H. Wurtzebach, Jack A. Peachy, James O. Hurlburt, Stephen H. Snyder, Warner D. Boatwright, Earnest D. Aparicio, Joseph Goff, Kenneth Laurita, James Morton, and Robert Stone, and all other City and County of Denver Police Officers similarly situated

(527 P.2d 531)

Decided October 7, 1974. Opinion modified and as modified rehearing denied November 4, 1974.

Max P. Zall, City Attorney, Brian H. Goral, Assistant, Robert D. Dowler, Assistant, for petitioners.

Geer, Goodwin & Chesler, P.C., Edward O. Geer, Robert E. Goodwin, for respondents.

Zarlengo and Kirshbaum, Howard M. Kirshbaum, for respondent District Court and Individually Named Respondents other than Joseph Goff, Kenneth Laurita, James Morton, and Robert Stone.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding under C.A.R. 21. Petitioner is the Civil Service Commission of the City and County of Denver. It seeks a writ of prohibition alleging respondent parties failed to timely join indispensable parties under C.R.C.P. 106(b). We ·issued a rule to show cause why the court should not be prohibited from proceeding further. We make the rule absolute.

### I.

This and other actions have run the gamut in district court and the Court of Appeals since 1969, when the Civil Service Commission (hereinafter "the Commission") held an examination for the rank of sergeant in the Denver police department. In November, 1969 the Commission published a sergeant eligible Register (hereinafter "Register"), ranking 269 officers according to their scores. Three officers immediately challenged the way "merit points" were added to the scores. After exhausting their administrative remedies, the three officers filed a complaint in Denver district court in July, 1970. A judgment adverse to them came down. They appealed. The Colorado Court of Appeals reversed the judgment. *Spickard v. Civil Service Commission,* 31 Colo. App. 450, 505 P.2d 32 (1972). In February, 1973 the trial court ordered a recalculation of the 1969 Register without consideration of merit points.

In March, 1973 respondent Rivera and eleven other officers (they will all be referred to as "Rivera") petitioned the Commission to promote them to sergeant. In June, 1973 the other four respondents (referred to as "Goff"), all of whom had been promoted to sergeant from the Register, petitioned the Commission to adjust their dates of promotion and corresponding seniority rights. Based on *Spickard, supra,* each request alleged that but for the merit points professional status would be different. The Commission, in separate proceedings, dismissed both cases. It ruled it had no jurisdiction to grant any relief because the Register had expired by operation of law in November, 1971.

Pursuant to C.R.C.P. 106(a)(4), Rivera filed a complaint against the Commission, the Manager of Safety and the Chief of Police in the Denver district court in August, 1973. Goff commenced action in January, 1974, also naming the same defendants. The cases were consolidated in February, 1974. The Commission moved to dismiss them because Rivera and Goff failed to join indispensable parties under C.R.C.P. 19. The motion was denied. Nevertheless the lower court ordered Rivera and Goff to amend to join as indispensable parties all officers promoted from the 1969 Register, together with any retired persons who could have had rights under the list. Neither complied.

Thereafter petitioner argued that respondents failed to join indispensable parties within the time allowed under C.R.C.P. 106(b) and that the court could neither order nor permit amendment to join them under our holding in *Western Paving Construction Co. v. District Court,* 183 Colo. 174, 515 P.2d 465 (1973). The trial court rejected those contentions, and remanded the case to the Civil Service Commission for further hearings. This proceeding was then brought.

II.

Disposition of this petition is bottomed on whether those not joined in the trial court are truly indispensable parties. If they are, the complaints must be dismissed. We have firmly established in several cases (three quite recently) that any challenge to an agency action under C.R.C.P. 106(a)(4) must be *perfected* within the 30 day limitation of C.R.C.P. 106(b). Perfection includes the correct joinder of indispensable parties as required by C.R.C.P. 19. If other people's rights are going to be affected, they should be made parties from the beginning when agency action may be stayed and the proper parties can within apt time frame the issues and defend their rights. Due process requires they have a full opportunity for a day in court before their rights become vested. *Civil Service Commission v. District Court,* 185 Colo. 179, 522 P.2d 1231 (1974); *Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P.2d 632 (1973); *Western Paving Construction Co. v. District Court, supra; Hennigh v.*

*Board of County Commissioners,* 168 Colo. 128, 450 P.2d 73 (1969).

C.R.C.P. 19 states in part:

"(a) *Persons to be Joined if Feasible.* A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) In his absence complete relief cannot be accorded among those already parties, *or* (2) *he·claims an interest relating to the subject of the action* and is so situated that the disposition of the action in his absence *may:* (A) *As a practical matter impair or impede* his ability to protect that interest * * *." (Emphasis added.)

The test for indispensable parties was set out in *Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234 (1963):

" '* * * Is the absent person's interest in the subject matter of the litigation such that no decree can be entered in the case which will do justice between the parties actually before the court *without injuriously affecting the right of such absent person?'* " (Emphasis added.)

There were 82 positions requisitioned from the 1969 Register. They have been filled. Men have put in time and effort and built up careers on the strength of those promotion appointments. They have a definite "interest relating to the subject of the action." Neither Rivera nor Goff joined these men as indispensable parties in their original complaints, nor did they amend to include them within the 30 day mandate of C.R.C.P. 106(b).

The 12 in Rivera seek to be promoted. If they succeed, some of the 82 already ranked as sergeant will be "bumped." *Freed v. Baldi,* 166 Colo. 344, 443 P.2d 716 (1968). Not being before the court and having acquired vested property interests in the rank they hold, their rights would be injuriously affected in violation of due process. Therefore those not joined in Rivera are truly indispensable parties.

■ Respondents Rivera would have us depart from precedent. First they argue that a majority of those already promoted will not be demoted; thus, there are no interests to protect. Due process is not selective. Each and every person on the 1969 promotion list had rights worthy of protection,

whether in the majority or the minority. Second, respondents contend that because there is a crucial need for sergeants, none on the list need fear demotion. They suggest that the city can easily promote the Rivera group in addition to the others. This is purely speculative. Respondents do not have a crystal ball. They cannot assure either those affected or this Court what action the city would take. Due process is not grounded on second-guessing. Third, respondents Rivera say they are only seeking their own promotions; they are not asking for anyone else's demotion. As only 82 positions are available, what they suggest is an impossibility.

If Goff succeeds in this action, there will be much the same effect. In the complaint the prayer is that the promotion dates of the four be changed, along with corresponding seniority rights. It is impossible to advance some in seniority without affecting the seniority of others. When the dust settles, four people will have been juggled out of their current order. The right to keep their places is a property interest. It cannot be abrogated summarily, for that is a denial of due process. Thus, the parties affected are indispensable in Goff and should have been joined.

### III.

Our conclusion in this case flows naturally from *Civil Service Commission, Hidden Lake Development Co., Western Paving Construction Co.,* and *Hennigh* cited *supra.* There we held that failure to join indispensable parties in the original complaint *and attempted amendment* after 30 days is improper. The trial court cannot proceed in the action or issue orders for belated joinder.

Here, there was not even an *attempt* to amend. Accordingly, we hold that since indispensable officers were not joined as parties to the original complaint within the 30 day time demand of C.R.C.P. 106(b), the trial court should be prohibited from proceeding further. The complaints of Rivera and Goff should have been dismissed.

This case points up the wisdom of requiring strict adherence to the deadline imposed by C.R.C.P. 106(b). With litigation being dragged through the courts for five years,

Denver has been without needed command officers. The efficient administration of the police department has been unconscionably clogged by these complaints. This is a disservice to the city and the people. This litigation must end.

The rule is made absolute.