## No. 26793

The City and County of Denver, Charles Temple, as the Manager of Revenue and ex-officio Treasurer of the City and County of Denver, Harold Cook as the Manager of Public Works of the City and County of Denver, F. J. Serafini as the Clerk and Recorder of the City and County of Denver, The Council of the City and County of Denver, and Linden Blue, Larry J. Perry, James J. Nolan, J. Ivanhoe Rosenberg, Paul A. Hentzell, Kenneth M. MacIntosh, Don Wyman, Edward F. Burke, Elvin R. Caldwell, Eugene DiManna, Robert Koch, William R. Roberts, and Irving S. Hook, as members thereof v. The District Court of the Second District, in and for the City and County of Denver, State of Colorado, the Honorable James C. Flanigan, District Court Judge in and for the City and County of Denver, Harry Harris and George Harris

(540 P.2d 1088)

Decided September 22, 1975.

Max P. Zall, City Attorney, Robert M. Kelly, Assistant, John L. Stoffel, Jr., Assistant, for petitioners.

Hindry & Meyer, P.C., Thomas J. Kerwin, Richard W. Breithaupt, John S. McGuire, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding brought by the city and county of Denver through several officers thereof (hereinafter "Denver") and by members of the city council (council). They petition for a writ in the nature of prohibition to prevent the Denver district court from proceeding to certiorari review on an amended complaint after the time for so doing had run. We issued a rule to the lower court to show cause and now make the rule absolute.

In December 1972 the council, acting as a board of equalization, apportioned the cost of a new special assessment district which included property owned by the respondents Harris. In March 1973 the respondents Harris filed their original complaint, naming only Denver and various officers as defendants. The respondents sought a declaratory judgment that the special assessment was invalid and void as applied to their property. They also sought an injunction to restrain the levy and collection of the assessment, and a refund of any money already paid, plus interest.

Denver objected to the nature of the relief sought, alleging that review should have been by certiorari to city council under C.R.C.P. 106(a)(4) and that the time within which to file such action had expired. The trial court found that the council was an indispensable party and allowed the Harrises to amend the complaint to one to review in the nature of certiorari under Rule 106(a)(4). After their motions to dismiss were denied, the petitioners Denver — and the newly joined council — sought relief in this court.

This was an action challenging the legality of a special assessment. How judicial review is obtained was answered by this court in *Orchard Court Development Co. v. City of Boulder*, 182 Colo. 361, 513 P.2d 199 (1973). In that case we held that the trial court was correct in ruling that review of a Boulder city council action in a case involving a special assessment in an improvement district is limited to certiorari under C.R.C.P. 106(a)(4). We said:

". . . It was long ago established, in *City of Denver v. Kennedy*, 33 Colo. 80, 80 P. 122 (before the adoption of C.R.C.P. 106(a)(4)) that the determination of special benefits and assessments is left to the discretion of municipal authorities, and their action is conclusive on the courts unless it appears such was fraudulent or unreasonable. Thus, the court's duty in reviewing assessment proceedings is to determine if the assessing tribunal abused its power. Rule 106(a)(4) specifically provides that review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion. A de novo evidentiary hearing for the purpose of making independent findings concerning benefits and assessments would clearly have been beyond the court's

power and authority. *See also, Brenkwitz v. City of Santa Cruz*, 272 Cal. App.2d 812, 77 Cal. Rptr. 705, *City of Reno v. Folsom*, 464 P.2d 454 (Nev. Sup. Ct. 1970)."

Rule 106 provides a 30-day limitation while the Denver City Charter grants 90 days. Under either limitation, the amendment to join the council and to review its action in assessing the property was too late.

An appeal must be perfected — as well as commenced — within the time period established. Part of the perfection of an appeal requires the joinder of indispensable parties. *Civil Service Commission v. District Court*, 186 Colo. 308, 527 P.2d 531 (1974); *Western Paving Construction Co. v. District Court*, 183 Colo. 174, 515 P.2d 465 (1973); *Hidden Lake Development Co. v. District Court*, 183 Colo. 168, 515 P.2d 632 (1973); *Columbine State Bank v. Banking Board*, 34 Colo. App. 11, 523 P.2d 474 (1974).

The rule is made absolute.