Charles H. SCHROEDER and Cecelia M. Schroeder, Appellees,

v.

BURLEIGH COUNTY BOARD OF COMMISSIONERS,

and

Walter Krueger, Intervenor and Appellant.

Civ. No. 9299.

Supreme Court of North Dakota.

April 28, 1977.

Sperry & Schultz, Bismarck, for intervenor and appellant; argued by Alfred C. Schultz, Bismarck.

Wheeler, Wolf, Wefald & Peterson, P. C., Bismarck, for appellees; argued by Robert O. Wefald, Bismarck.

PEDERSON, Justice.

In April 1975, at Krueger's request, the Board of County Commissioners of Burleigh County (hereinafter County Board) made a change in the zoning classification of a portion of Krueger's land. The Schroeders, who resided on and owned a nearby tract of land, appealed. In the district court proceedings (in which Krueger was not a party) the zoning change was overturned. Krueger then intervened and moved that the court reopen and vacate the judgment. Rule 60(b), N.D.R.Civ.P. The motion was denied, Krueger appealed, and we reverse and remand with directions.

Krueger's March 1975 application was first presented to the Burleigh County Planning Commission (hereinafter Planning Commission). It asked that the tract be rezoned from "limited commercial" to "manufacturing." Charles Schroeder, who was also the vice chairman of the Planning Commission, obtained a thirty-day delay in action by that Commission. Before the Planning Commission could act to investigate, prepare a resolution and hold a hearing under §§ 11–33–06, 11–33–07, and 11–33–08, NDCC, Krueger asked for and received approval of the zoning change from the County Board.

The Schroeders, in their individual capacities, appealed the County Board's decision, § 11–11–39, NDCC, and gave notice to the County Board pursuant to § 11–11–41, NDCC. Krueger was not made a party but was notified of the appeal by letter, which urged that he contact his lawyer. The appeal proceeded without Krueger's participation, and judgment was entered setting aside the County Board's approval of the zoning change.

The Rule 60(b) motion was then made and denied, and Krueger took this appeal, claiming that:

(1) he should have been made a party to the appeal of the County Board's approval of the zone change;

(2) the County Board's action on his application was proper; and

(3) the trial court abused its discretion in refusing to grant his motion to reopen.

## PARTIES

■ Recently we held that the Rules of Civil Procedure govern procedures on appeal from a decision of an administrative agency except where applicable statutes are inconsistent with the Rules. Rule 81, N.D. R.Civ.P. *Reliance Ins. Co. v. Public Service Com'n,* 250 N.W.2d 918 (N.D.1977). We determined in *Reliance* that because Chapter 28–32, NDCC (the Administrative Agencies Practice Act), is not listed in Table A and there is no inconsistent, applicable statute, appeals under Chapter 28–32 are not exempt from the Rules of Civil Procedure. Using the same reasoning, because Chapters 11–11 and 11–33, NDCC (appeals from county board decisions), are not listed in the Tables, and there is no inconsistent, applicable statute, those appeals also are not exempt from the Rules of Civil Procedure.

Rule 86(b), N.D.R.Civ.P., states that all statutes in conflict with the Rules are superseded. See also, § 27–02–09, NDCC, and *Application of Bank of Rhame,* 231 N.W.2d 801, 810 (N.D.1975). Earlier discussions on the application of Rule 86(b) are found in

*Higgins v. Hawks,* 122 N.W.2d 129 (N.D. 1963); *Satrom v. City of Grand Forks,* 150 N.W.2d 700 (N.D.1967); and *O'Brien v. N. D. Workmen's Comp. Bureau,* 222 N.W.2d 379 (N.D.1974). Comparable provisions are found in Rule 59(b), N.D.R.Crim.P., and Rule 49(b), N.D.R.App.P. In *Dehn v. Otter Tail Power Co.,* 248 N.W.2d 851, 854 (N.D. 1976), and *State v. Stokes,* 240 N.W.2d 867, 869 (N.D.1976), we applied Rule 49(b), N.D. R.App.P. See also, *Cottle v. Kranz,* 231 N.W.2d 777, 778 (N.D.1975).

■ We do not agree with the Schroeders' contention that when they complied with § 11–11–41, NDCC, in serving the notice of appeal on the County Board, they had done all that was required. When the applicable statute fails to provide for the joinder of a necessary party, one must look to the Rules. Rule 19(a), N.D.R.Civ.P., provides:

"(a) *Persons to be joined if feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

When the possible consequences of the appeal of the County Board's decision to rezone Krueger's property are considered, it is most difficult to conclude that Krueger did not have a vital and significant interest to protect. After the zone change had been made, Krueger had been awarded a building permit and was investing more than $150,000 in constructing and equipping a plant for manufacturing roof rafters and other building parts on the site. That investment would be substantially dissipated by a return to the original zoning classification.

■ A person should be joined as a party in an action if (1) in his absence complete relief cannot be accorded, or (2) he claims an interest which he will not be able to protect if he is not joined. All who are materially interested in the subject matter should be made parties, either as plaintiffs or defendants, so that the court may grant full relief and adjust in one suit the rights of all parties interested. *Revoir v. Kansas Super Motels of N. D., Inc.,* 224 N.W.2d 549 (N.D.1974); *Smith v. Amerada Petroleum Corporation,* 136 N.W.2d 483 (N.D.1965); *Jester v. Jester,* 76 N.D. 517, 37 N.W.2d 879 (1949).

In *National Farmers Union Prop. & Cas. Co. v. Schmidt,* 219 N.W.2d 111, 114 (N.D. 1974), we said:

"The spirit and purpose of Rule 19(a) and 19(b) are to protect the interest of parties who might be deprived of due process by the trial of an action in their absence and at the same time to protect those parties already before the court from the harassment and hardship of multiple litigation. On behalf of one not made a party to the action, due process demands the right to appear and to defend in a trial which might jeopardize or destroy the interest of such person. The signal to invoke Rule 19 comes about on behalf of the parties already before the court when it is evident that there are others who claim an interest in the subject matter of the dispute, thereby creating a real possibility that the parties already before the court or those claiming the interest might be subjected to multiple liability, multiple litigation or both.

*Western Union Telegraph Company v. Commonwealth of Pennsylvania,* 368 U.S. 71, 82 S.Ct. 199, 7 L.Ed.2d 139 (1961). See also *U. S. v. Aetna Life Insurance Company,* D.C.Conn., 46 F.Supp. 30, 34 (1942)."

■ A zoning change which has been granted should not be abrogated by judicial action unless the grantee is afforded an opportunity to appear before the court to protect his interests. As the Supreme Court of Colorado stated in *Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P.2d 632, 635 (1973):

"In *Hennigh* [*Hennigh v. County Commissioners,* 168 Colo. 128, 450 P.2d 73 (1969)] this court dismissed an appeal holding the court's judgment a nullity when an indispensable party was not before the court. Under modern authorities, a judgment which adversely affects an indispensable party who is not joined is void. The continuation without the indispensable party has constitutional implications. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Due process of law requires that those parties whose interests are at stake be before the court. *Provident Tradesmens Bank & Trust Co. v. Lumbermens Mutual Casualty Co.,* 365 F.2d 802 (3d Cir. 1966). Colorado is in agreement with those jurisdictions which hold the failure to join an indispensable party to be such an egregious defect that the court may dismiss the action on its own motion. *Hennigh, supra; cf. Marsh v. Warren,* 126 Colo. 298, 248 P.2d 825 (1952); *see also* 3A Moore, Federal Practice, § 19.07–2."

■ See also, *Western Pav. Const. Co. v. District Ct., Jefferson Cty.,* 183 Colo. 174, 515 P.2d 465 (1973); *Andrus v. County of Snohomish,* 8 Wash.App. 502, 507 P.2d 898 (1973); *Tazza v. Planning and Zon. Com'n of Town of Westport,* 164 Conn. 187, 319 A.2d 393 (1972). We believe that these cases reflect the better-reasoned view that a successful applicant for a zoning change should be joined as a party to an appeal from that decision by an aggrieved person, and any judgment rendered on appeal in his absence is invalid.

MERITS OF SCHROEDERS' APPEAL

■ Having determined that the district court decision overturning the zoning change granted by the County Board is invalid for failure to join Krueger, who should have been joined as a party to the appeal, it would ordinarily follow that the zoning change from "limited commercial" to "manufacturing" granted by the County Board would be reinstated. However, since we agree with that part of the district court's decision which found that the County Board failed to follow mandatory statutory procedures in granting the zoning change, we direct that, on remand, the district court remand the matter to the Planning Commission for compliance with those statutory procedures.

Section 11–33–04, NDCC, provides that the board of county commissioners of any county desiring to avail itself of the powers conferred by Chapter 11–33, NDCC, shall establish a county planning commission. That planning commission has the responsibility for investigating and determining the necessity of establishing districts and prescribing regulations therefor. Section 11–33–06, NDCC. After such investigation, the county planning commission must prepare a proposed resolution to be submitted to the board of county commissioners. Section 11–33–07, NDCC.

■ As previously noted, Krueger initially submitted his application for a zoning change to the Burleigh County Planning Commission. When the Planning Commission voted to table the application for thirty days, the County Board took Krueger's request under consideration and approved the zoning change on April 2, 1975. The County Board took this action before the Planning Commission had prepared and filed a proposed resolution or held public hearings on the matter, which we find are mandatory procedures under § 11–33–08, NDCC. Section 11–33–09, NDCC, provides, in relevant part:

"*Following the public hearing*, the board of county commissioners may adopt the proposed resolutions, with such changes as it may deem advisable." [Emphasis added.]

The public hearings contemplated by the above statute are those held before the Planning Commission pursuant to § 11–33–08. These are mandatory procedures which cannot be circumvented by similar proceedings before the County Board in the first instance. Section 11–33–10 provides for a separate and subsequent hearing before the County Board upon petition by any person aggrieved by the adopted resolution.

■ As the trial court pointed out, the County Board is the legislative body ultimately charged with deciding the request for rezoning, and it need not accept the recommendation of the Planning Commission. However, when a County Board, desiring to avail itself of the powers conferred by Chapter 11–33, establishes a Planning Commission, it must await public hearings before the Planning Commission and receive that Commission's recommendations before acting. We think the purposes behind these statutory requirements are sound: to establish an advisory body experienced and knowledgable in the area of land use planning upon whose expertise the County Board can rely in exercising its zoning authority, and to afford affected and interested citizens an opportunity to present their objections and to have these views considered both by the Planning Commission and the County Board, before the ultimate decision is reached. *Wilgus v. City of Murfreesboro,* 532 S.W.2d 50 (Tenn. App.1975); *Blue River Defense Com. v. Town of Silverthorne,* 33 Colo.App. 10, 516 P.2d 452 (1973).

It has been held that the recommendation of the advisory commission forms the jurisdictional basis for any later action by the legislative body, and there seems to be an increasing tendency in other jurisdictions to view the public hearings before the planning commission as more than a mere formality. *Summit Properties, Inc. v. Wilson,* 26 Ariz.App. 550, 550 P.2d 104 (1976); 2 Yokley, Zoning Law and Practice, § 11–3 (Supp.1976).

■ We hold that the district court abused its discretion in failing to grant Krueger's Rule 60(b) motion for relief from its order of judgment rendered in a proceeding in which Krueger was not made a party and was not present to protect his interests. We further hold that the zoning change granted by the County Board is invalid for failure to comply with mandatory statutory procedures.

It is accordingly necessary that we remand the case with directions to the trial court that the matter be further remanded to the Planning Commission for its action on Krueger's application or, in view of the fact that the County may no longer have zoning jurisdiction over the land involved, to permit Krueger to withdraw that application and submit a further application for rezoning by the appropriate authorities in the City of Bismarck, under Section 40–47–01.1, NDCC.

There will be no costs allowed on this appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.