## No. 27531

**Board of County Commissioners of Mesa County, Colorado, and Douglas Muth and Thomas M. Wilkinson v. Honorable James J. Carter, Judge, Twenty-First Judicial District, State of Colorado**

(564 P.2d 421)

Decided May 23, 1977.

Gerald J. Ashby, Tom E. Elder, for petitioners.

Muff & Lockard, Dale G. Muff, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

We issued a rule to show cause why the petitioner's motion to dismiss the complaint filed in Mesa County District Court, Civil Action No. 25625, should not be granted. We now make the rule absolute.

On March 30, 1976, Dudley Clymer applied to the Mesa County Planning Commission to rezone certain real property located in Mesa County, Colorado. It approved the application and forwarded it to the petitioners, Board of County Commissioners of Mesa County, which held a public hearing on July 26, 1976, on the merits of the rezoning application. The petitioners granted the zoning change on August 9, 1976.

The Orchard Mesa Citizens Advisory Group, Philip Lalena and Constance Lalena (hereinafter, protesters) filed a complaint in the Mesa County District Court pursuant to C.R.C.P. 106, seeking review of the petitioners' decision. The complaint failed to include as a party defendant, Dudley M. Clymer, the owner of the rezoned property. On September 29, 1976, the petitioners filed a motion to dismiss the complaint for failure to join Clymer as an indispensable party and the consequent failure of the protesters to perfect their certiorari petition within 30 days as required by C.R.C.P. 106(b), *Civil Service Commission v. District Court*, 186 Colo. 308, 527 P.2d 531 (1974). The respondent denied the motion on November 17, 1976, and ordered the protesters to join the indispensable party pursuant to C.R.C.P. 19.

On December 14, 1976, the petitioners filed a motion to dismiss the amended complaint on the grounds that the court lacked jurisdiction to hear the complaint because of the protesters' failure to perfect their right to certiorari review within the 30-day requirement of C.R.C.P. 106(b). Two days later, the protesters filed their amended complaint, this time adding Dudley M. Clymer as a party defendant. The respondent heard the petitioners' motion on January 10, 1977, and again denied it, ordering the matter to proceed to a hearing on the issues raised by the amended complaint. The petitioners then sought relief in this court to prohibit further action by the respondent.

The respondent contends that C.R.C.P. 106(b) only requires a petition for certiorari be filed within 30 days of the decision of an inferior tribunal, and that failure to join an indispensable party within the time limit does not constitute jurisdictional grounds for dismissal unless the court determines that joinder of the party is not feasible. We are not persuaded by this argument.

C.R.C.P. 106(a) is the exclusive process to challenge a rezoning determination as to specific property. *Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975). Since there is no special statute

providing a time limit in which to appeal a rezoning determination, the 30-day limit of C.R.C.P. 106(b) controls, and the failure to bring a Rule 106 proceeding within that time is a jurisdictional defect. *Id.* at 428, 542 P.2d at 376.

The respondent's argument that the petition need only be filed within 30 days, as opposed to perfected, is negated by our decision in *Civil Service Commission v. District Court, supra,* where we held that "any challenge to an agency action under C.R.C.P. 106(a)(4) must be *perfected* within the 30-day limitation of C.R.C.P. 106(b). Perfection includes the correct joinder of indispensable parties as required by C.R.C.P. 19." 186 Colo. at 311, 527 P.2d at 533 (emphasis in original). *See City and County of Denver v. District Court,* 189 Colo. 342, 540 P.2d 1088 (1975); *Civil Service Commission v. District Court,* 185 Colo. 179, 522 P.2d 1231 (1974); *Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P.2d 632 (1973).

The person whose rezoning application is challenged is an indispensable party to that proceeding. *Westlund v. Carter,* 193 Colo. 129, 565 P.2d 920 (1977); *Hidden Lake, supra.* The protesters in this case waited over 100 days after the rezoning determination before joining Dudley Clymer, the very person whose property was the subject of the complaint. Since the petition was not perfected within the 30-day limit of C.R.C.P. 106(b), the petitioner's motion to dismiss should have been granted.

Under these facts, we now make the rule absolute.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE CARRIGAN concur in the result.