**GOLD STAR SAUSAGE COMPANY, Plaintiff-Appellant and Cross-Appellee,**

**v.**

**Jerry KEMPF, Manager of Revenue, City and County of Denver, and the Department of Revenue, City and County of Denver, Defendants-Appellees and Cross-Appellants.**

**No. 81SA46.**

Supreme Court of Colorado, En Banc.

Oct. 12, 1982.

---

J. Lorin Yeates, Robert A. Calvert, Denver, for plaintiff-appellant and cross-appellee.

Max P. Zall, City Atty., Robert F. Strenski, Asst. City Atty., Denver, for defendants-appellees and cross-appellants.

DUBOFSKY, Justice.

■ The plaintiff Gold Star Sausage Company (Gold Star) appeals[1] a Denver district court order dismissing its C.R.C.P. 106(a)(4) petition seeking review of a Denver Department of Revenue use tax assessment.[2] The district court ruled that it lacked jurisdiction because Gold Star did not comply with the requirement of the Denver Revised Municipal Code (Code) that an action seeking review of a use tax assessment be brought within 20 days after the plaintiff receives notice of the decision of the Manager of Revenue. We conclude that the 30-day time limit in C.R.C.P. 106(b) preempts the Code's 20-day time limit for seeking review, that Gold Star sought review within 30 days as required by C.R.C.P. 106(b), and that the district court erred in dismissing Gold Star's petition for review. Therefore, we reverse the decision of the district court and direct that the action be reinstated.

On July 5, 1978, the Denver Department of Revenue notified Gold Star that it owed use tax of $11,074.46 on the purchase of cellulose casings used in forming and cooking hot dogs. Gold Star timely filed a petition for administrative review, and the Department of Revenue conducted a hearing on October 31, 1979. The Manager's

---

1. This case was transferred here from the Court of Appeals under sections 13–4–110(1)(a) and 13–4–102(1)(b), C.R.S.1973 because it involved a constitutional question.

2. A use tax under *Denver Revised Municipal Code* 166A is a municipal tax imposed on the privilege of storing, using, distributing or consuming in Denver an article of tangible personal property purchased at retail to the extent that a sales tax previously has not been paid on the sale of the article. (Article 166A was repealed and reenacted as Article III by Ord.No. 667–81, § 1, adopted December 14, 1981.)

final determination on February 11, 1980 sustained the full tax. Gold Star filed a petition seeking relief from the administrative order under C.R.C.P. 106(a)(4) on March 12, 1980.[3]

The defendants, Jerry C. Kempf, Manager of Revenue for the City and County of Denver, and Denver's Department of Revenue, moved to dismiss the petition because Gold Star failed to bring its action within 20 days after notice of the decision of the Manager of Revenue and because Gold Star failed to verify its petition as required by *Denver Revised Municipal Code* 166A.9–8 [4] which provides:

> Such writs [under Rule 106(a)(4) of the Colorado Rules of Civil Procedure] shall be issued by the Clerk of the Court upon a verified petition of the taxpayer, filed within 20 days after notice of the decision of the Manager of Revenue in any such matter [tax refund applications].

The defendants also moved to dismiss the petition because Gold Star failed to join the City and County of Denver as a party.

The district court ruled that because Gold Star failed to comply with the 20-day requirement of *Denver Revised Municipal Code* 166A.9–8, it did not have jurisdiction and dismissed the case without addressing whether a verified complaint was required or whether the City and County of Denver was an indispensable party.[5] In addition to concluding that the time limit of 30 days contained in C.R.C.P. 106(b) governs the time for filing an appeal from a use tax assessment by the Denver Manager of Revenue, we also conclude that a verified complaint is not required in a C.R.C.P. 106(a)(4) review of a use tax assessment by the Manager of Revenue and that the City and County of Denver was not an indispensable party to this proceeding. Gold Star met the jurisdictional requirements of C.R.C.P. 106, and the district court erred in dismissing its petition.

## I.

Gold Star contends that the Colorado constitutional requirement that laws relating to state courts be uniform dictates that the 30-day limitation for filing an action seeking review of the acts of an inferior tribunal under C.R.C.P. 106 preempts the 20-day limitation for seeking review of a decision of the Manager of Revenue under *Denver Revised Municipal Code* 166A.9–8 because the Code provision attempts to govern access to the state judicial system in a manner inconsistent with the state-wide uniform

**3.** Application of the 20-day rule would require Gold Star to have filed a petition in district court by March 4, 1980. However, if the 30-day rule in C.R.C.P. 106(b) controls, relief must have been sought no later than March 12, 1980.

**4.** Article 166A.9–8 was repealed and reenacted as § 53–125(b) by Ord.No. 667–81, § 1, adopted December 14, 1981.

**5.** Our review of the transcript of the June 27, 1980 hearing before the district court indicates that the court ruled only that Gold Star failed to comply with the Code's 20-day requirement. The transcript does not indicate that the court directed anyone to prepare a written order. However, the defendants prepared an order, which the court signed *ex parte* on July 2, *nunc pro tunc* June 27, including determinations that the petition was not properly verified and that the City and County of Denver was an indispensable party. On July 14, 1980, the attorney for Gold Star wrote to the district judge saying that the order the court had signed, which had been prepared by the defendants and not seen by the Gold Star attorney before signature by the court, did not reflect the court's June 27 ruling. The attorney for the plaintiff prepared a new order and also filed a motion to reconsider, which the court heard on July 22. In the order signed on July 22, *nunc pro tunc* June 27, the court found that the verified complaint was sufficient to meet the requirements of the Code and that the Department of Revenue adequately represented the interests of the City and County of Denver. The only basis for dismissal in the July 22nd order was failure of Gold Star to file its action within 20 days. Meanwhile, Gold Star filed a notice of appeal with the district court on July 14; thus, the defendants contend that the court was without authority to enter an amended order on July 22. Because neither order reflects exactly what the court held on June 27 and because Gold Star filed a second notice of appeal on July 24 and Denver cross-appealed the order of July 22, all of the orders raise the same issues on appeal. Our resolution of this case requires that we consider all of the issues; we will treat the court's ruling of June 27 as the decision of the district court.

rules of civil procedure. The defendant counters that municipal use taxes are a purely local and municipal concern, relying on *Berman v. Denver,* 156 Colo. 538, 400 P.2d 434 (1965), and that under the home rule provisions of Article XX, § 6 of the Colorado Constitution, Denver may establish procedures for review of decisions by the Manager of Revenue.

Article VI, § 19 of the Colorado Constitution provides:

All laws relating to state courts shall be general and of uniform operation throughout the state, and . . . the organization, jurisdiction, powers, proceedings, and practice of all courts of the same class, and the force and effect of the proceedings, judgments and decrees of such courts severally shall be uniform. . . .

The Colorado Constitution also grants to the Supreme Court exclusive power to adopt rules of procedure for the courts. *Colo.Const.* Art. VI, § 21 provides:

The supreme court shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases. . . .

See *J.T. v. O'Rourke,* 651 P.2d 407 (Colo. 1982). C.R.C.P. 106(b), one of the procedural rules adopted by the Supreme Court in administering a uniform state court system, provides:

Where a statute provides for judicial review of the acts of any inferior tribunal (whether court, board, commission, or officer) by certiorari or other writ, or for a proceeding in quo warranto, relief therein provided may be had under this Rule. If no time within which review may be sought is provided by any statute, a petition for certiorari or other writ seeking to review the acts of any inferior tribunal shall be filed in the district court not later than 30 days from the final action taken by said tribunal.

Failure to bring a C.R.C.P. 106(a)(4) proceeding within the 30-day time limit is a jurisdictional defect. *Board of County Commissioners v. Carter,* 193 Colo. 225, 564 P.2d 421 (1977); *Snyder v. Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975); *Civil Service Commission v. District Court,* 186 Colo. 308, 527 P.2d 531 (1974).

On several occasions, this Court has overturned local court procedural requirements in favor of uniform state court rules adopted under *Colo.Const.* Art. VI, § 19. *City of Central v. Axton,* 159 Colo. 69, 410 P.2d 173 (1966) (Central City Charter providing that appeals from municipal courts be filed in district courts did not control in face of state statute providing that appeals from municipal courts be filed in county courts); *Holland v. McAuliffe,* 132 Colo. 170, 286 P.2d 1107 (1955) (ordinance which limited a right of appeal from Denver Municipal Court was invalid); *City and County of Denver v. Bridwell,* 122 Colo. 520, 224 P.2d 217 (1950) (a Denver ordinance could not restrict right of appeal from municipal court to state court); *Lipira v. City of Thornton,* 41 Colo.App. 401, 585 P.2d 932 (1978) (Thornton's home rule charter requirement that notice of claim against city be given within 60 days of accident conflicted with and was preempted by 90-day time limit in Colorado Governmental Immunity Act, section 24–10–109(1), C.R.S.1973 for giving notice of tort claim against city); *but see Cliff v. Bilett,* 125 Colo. 138, 241 P.2d 437 (1952) (dismissal of zoning case from state court because not appealed within time required by city charter).

The defendants contend that the precedential value of these cases is weakened by language in *Snyder v. Lakewood, supra,* that a C.R.C.P. 106 action for review of a municipal rezoning determination must be brought "within 30 days of 'final action' unless a statute or municipal ordinance provides otherwise." 189 Colo. at 428, 542 P.2d at 376. In *Snyder,* the plaintiffs sought declaratory and injunctive relief 67 days after the final decision of the zoning board. This Court held that C.R.C.P. 106(a)(4) was the exclusive remedy, and that the complaint was not filed within the 30-day time limit set by C.R.C.P. 106(b). By its terms, C.R.C.P. 106(b) is preempted only by differ-

ing time limits which are "provided by any *statute.*" (emphasis added). Rule 106(b) does not defer to different time frames provided by municipal ordinance. Moreover, the effect of the time limit provided by the municipal ordinance was not before the court in *Snyder;* the statement "unless a . . . municipal ordinance provides otherwise" was *obiter dictum,* "not controlling on later decisions." *Lipira v. City of Thornton, supra.* Cases since *Snyder* have used more limited language, consistent with the terms of C.R.C.P. 106(b). *Tri-State Generation v. City of Thornton,* 647 P.2d 670, 675 (Colo. 1982) ("Unless another period is provided by statute, a proceeding under C.R.C.P. 106(a)(4) to review the actions of an inferior tribunal must be filed not later than 30 days after final action by that tribunal."); *Norby v. City of Boulder,* 195 Colo. 231, 234, 577 P.2d 277, 279 (1978) ("Since the municipal zoning statutes, section 31–23–301, *et seq.,* C.R.S.1973, do not specify a time limit for judicial review, the thirty-day time frame in C.R.C.P. 106(b) is applicable.").

The defendants also rely on *Johnson v. Pueblo,* 190 Colo. 119, 543 P.2d 1262 (1975) in which the city notified the plaintiff of a sales tax assessment which would become final if no request for a hearing before the director of finance was made within 10 days. Five months later the plaintiff filed a notice of appeal in the Pueblo County District Court without requesting a hearing at the local level. There, we held that "failure to exhaust administrative remedies in tax statutes . . . preclude[s] judicial review." *Johnson v. Pueblo,* 190 Colo. at 121, 543 P.2d at 1263. *Johnson v. Pueblo* is inapposite. Gold Star exhausted all of its administrative remedies as required by the Code. Gold Star's situation is much more akin to our line of cases upholding uniform state court rules when they conflict with local ordinance provisions ostensibly governing access to state courts. We conclude that Denver cannot provide a time frame different than that in C.R.C.P. 106(b) for filing a petition for review under C.R.C.P. 106(a)(4). Here, because Gold Star filed its petition for review of the use tax assessment by the Manager of Revenue within the 30 days required by C.R.C.P. 106(b), the district court erred in determining that it was without jurisdiction.

## II.

■ *Denver Revised Municipal Code* 166A.9–8 also requires that a petition seeking review of use tax assessment be verified. Here, the petition was verified by Gold Star's president, but the defendants argue that the attorney representing Gold Star notarized the signature of the president of Gold Star, resulting in an invalid verification. The defendants rely on three older cases stating that, in analogous situations, it was improper for an attorney involved in litigation to notarize an affidavit to be used in that litigation. *Frybarger v. McMillen,* 15 Colo. 349, 25 P. 713 (1890); *Martin v. Skehan,* 2 Colo. 614 (1875); *Anderson v. Sloan,* 1 Colo. 33 (1867).

We need not discuss the propriety of an attorney as a notary public verifying the signature of his client because C.R.C.P. 106 does not require verification of a petition in order to perfect an action for review of the decision of an inferior tribunal. *U-Tote-M of Colorado, Inc. v. City of Greenwood Village,* 39 Colo.App. 28, 563 P.2d 373 (1977). For the same reasons we determined that the 30-day limit in C.R.C.P. 106(b) prevails over the conflicting 20-day limit in the Code, we hold that, despite the Code's requirement of verification, a proceeding for review under C.R.C.P. 106 may be initiated without a verified petition because C.R.C.P. 106 does not so require.

## III.

■ Finally, the defendants argue that Gold Star failed to join an indispensable party, the City and County of Denver, and that failure to join an indispensable party within the 30-day time limit is a jurisdictional defect. *Tri-State Generation v. City of Thornton, supra; Norby v. City of Boulder, supra; Board of County Commissioners v. Carter, supra; City and County of Denver v. District Court,* 189 Colo. 342, 540 P.2d

1088 (1975).[6] Defendants contend that because *Colo.Const.* Art. XX, § 1 gives the City and County of Denver the power to "sue and defend, plead and be impleaded, in all courts and places, and in all matters and proceedings," and because neither the Department of Revenue nor its Manager is a legal entity which may sue or be sued, the only entity with the legal capacity to be affected by a judicial decision concerning imposition and collection of municipal use tax is the City and County of Denver. Therefore, defendants submit that Denver is an indispensable party. In the context of a C.R.C.P. 106(a)(4) proceeding, we disagree.

We recently discussed the correct standard for determining whether a party must be joined in a C.R.C.P. 106(a)(4) action in *Tri-State Generation v. City of Thornton, supra.* There we held that

> [s]uch an action is for the purpose of determining whether the *"inferior tribunal ... has exceeded its jurisdiction or abused its discretion."* C.R.C.P. 106(a)(4). Consequently, we recognized in *City and County of Denver v. District Court, supra,* that it is this tribunal which must be joined in a certiorari action, and not some other municipal body.

*Id.* at 676. The appropriate municipal body to be joined in this action is the inferior tribunal which made the use tax assessment decision, the Department of Revenue, along with its Manager. Therefore, the district court has jurisdiction to consider Gold Star's petition without joinder of the City and County of Denver.

Judgment reversed and case remanded to the district court with directions to reinstate Gold Star's petition for review.

LEE, J., does not participate.

---

**6.** C.R.C.P. 106(b) has been amended to provide that "[a] timely petition or writ may be amended at any time with leave of the court, for good cause shown, to add, dismiss or substitute par-

ties and such amendment shall relate back to the date of filing of the original petition or writ." This amendment was effective July 1, 1981, and thus is inapplicable to this case.