No. 12,567.

TOWN OF ORDWAY *v.* KAISER.

(9 P. [2d] 287)

Decided February 29, 1932.

Mr. HARRY E. MAST, for plaintiff in error.

Mr. FRED A. SABIN, Messrs. MCHENDRIE, SHATTUCK &
POINTER, for defendant in error.

*In Department.*

314

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as the town, and defendant in error as defendant.

The town, a municipal corporation, brought this action against defendant and one McCleary, demanding a personal judgment against the latter for $282.85 unpaid water assessment, and the establishment of that judgment as a lien on five lots standing in the name of defendant. Her demurrer to the complaint was sustained. The town elected to stand, and to review a judgment of dismissal at its costs it prosecutes this writ.

The complaint alleges: That the water rents accrued under ordinance 108 adopted in 1914 as amended by ordinance 132 adopted in 1921; that a part of the water in question was furnished McCleary from December, 1907, to July, 1927, and the balance from April, 1918, to August, 1926; and that McCleary owned the premises up to July 26, 1927, at which time defendant acquired the title "under and by virtue of a certain deed from the public trustee."

■ Subdivision 75 of section 8987, C. L. 1921, authorizes municipal corporations "by general ordinance" to "prescribe the mode" in which such assessments as those here in question shall be made, and provides that when so made the same shall "be a lien upon the respective lots or parcels of land from the time of the assessment." It is immediately apparent that under no circumstances could the town claim a lien herein for water furnished prior to September, 1914, since it alleges the existence of no ordinance before that time.

■ Assuming that all other disputed questions should be resolved in favor of the town still the demurrer was properly sustained because the complaint sets up no facts showing the priority of its lien. The public trustee's deed was necessarily executed in the foreclosure of a trust deed. Such a foreclosure cuts out all junior liens (41 C. J., p. 1001, §1459) including statutory liens unless

these be specifically excluded (37 C. J., p. 329, §41). See, also, 3 Dillon on Municipal Corporations (5th Ed.), p. 2223, §1323; 40 Cyc. p. 807, §7; *Hudson T. & S. Inst. v. Carr-Curran Paper Mills Co.,* 58 N. J. Eq. 59, 43 Atl. 418.

Hence the town's lien was not superior unless it attached prior to the recording of the trust deed and under an ordinance then in effect. On this subject the complaint leaves us entirely in the dark. It was therefore vulnerable to the demurrer. Such was the position taken by defendant in her answering brief here and no reply was filed.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.