No. 14,531.

HOME OWNERS' LOAN CORPORATION *v.* PUBLIC WATER WORKS DISTRICT No. 2.
(92 P. [2d] 745)

Decided May 29, 1939.  Rehearing denied July 3, 1939.

Mr. John B. Barnard, Mr. Samuel H. Sterling, Mr. Ray E. Dougherty, for plaintiff in error.

Mr. Robert S. Gast, Mr. James W. Booth, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Action by plaintiff in error, an agency of the federal government, plaintiff below, to restrain the defendant in error from refusing or failing to deliver water to and upon residence property in Pueblo, on which plaintiff in error held a first deed of trust. A general demurrer to the amended complaint was sustained by the court, and, plaintiff electing to stand on its pleading, judgment of dismissal was duly entered, reversal of which is sought by writ of error.

Defendant, hereinafter designated as the district, was organized under a special statute enacted in 1905 (Session Laws 1905, chapter 142). The fifth paragraph of section 9 of this act gives to districts organized thereunder a first lien for water assessments on property for which water is furnished, and it is this paragraph which gives rise to the controversy in this suit. It reads as follows: ''All such assessments and charges shall become and be a continuing lien and charge upon the lots or parcels of ground upon which they are respectively levied, and upon the building or buildings or other improvements situate thereon, if any, and have priority over all other liens except general taxes; and such lien or charge may be collected and enforced in such manner as the said board may by order provide.   *   *   *''

The grounds relied upon for injunctive relief

below, and for reversal here, are: 1. The statute is unconstitutional for the following reasons: (a) Part of the act already has been declared unconstitutional in *Pomroy v. Board of Public Water Works of Pueblo*, 55 Colo. 476, 136 Pac. 78, and since the act does not contain the usual severability clause, the balance of the act must fail because of the interdependence of the respective illegal and legal provisions. (b) The title to the act is not sufficiently broad to include the provision for a lien which it attempts to give. 2. Estoppel of the district from enforcing its alleged lien.

The particular paragraph of said section 9 which was invalidated in the Pomroy case, sought to give to the district the power to assess a tax on all of the property in the district on the basis of frontage feet of the lots abutting on the streets within the district, for the purpose of purchasing and operating the system. Plaintiff's contention is that the paragraph invalidated was the inducement for the paragraph here attacked, hence not severable, and that, therefore, the latter must also fail.

It is true that the word "assessments" used in the paragraph here under attack relates back to the paragraph which was ruled illegal by this court, but the balance of the paragraph can, and should, be applied to the word "charges," as it appears in the fourth paragraph, which reads as follows: "Said board shall levy and collect reasonable charges, at uniform rates for like service, for all water supplied by said water works for domestic uses, irrigation, or other purposes."

The alleged impossibility of severance was urged in the Pomroy case. There, counsel for plaintiffs in error in their brief, pages 30 and 31, after a discussion on the frontage foot assessment and "rates or charges," say: "These two methods of taxation for the same purpose * * * cannot both stand." As already noted, the court voided the provision for frontage foot assessment, and let the provision "for reasonable charges at uniform rates" stand.

Therefore, we observe and declare that the question of severability, as involved herein, already has been passed upon and sustained, and the omission by the Fifteenth General Assembly of the clause as to validity of different parts of this particular act is immaterial. "It is an elementary rule of decision that 'if, when the unconstitutional portion [of a legislative act] is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent wholly independent of that which was rejected, it must be sustained.' " *Re Questions of the Governor,* 55 Colo. 17, 123 Pac. 660.

Counsel for plaintiff in error apparently agree that the result of the Pomroy case is the law, as will be seen from the following, which they quote with approval: "On the other hand, it seems to be equally well settled by the adjudicated cases, that, where the state law gives to the water company, or municipality, a lien upon the land and premises, for unpaid dues, or uses words equivalent to giving a lien, or where a city ordinance, enacted under authority conferred by the legislature, makes such unpaid dues a lien upon the land, a rule or regulation of the water company which provides for shutting off the supply and discontinuing the service until the delinquent charges are paid, is reasonable and may be enforced against a subsequent tenant, owner or occupant of the building or premises upon which the lien exists." *State ex rel. v. Water Supply Co.,* 19 N. M. 27, 32, 140 Pac. 1056; L. R. A. 1915 A., 242.

Counsel for plaintiff in error continues: "We draw the court's attention to the fact, however, that the New Mexico case did not involve the question of estoppel, which is raised in our second cause of action." We will consider that point presently.

The other constitutional question raised is, that the title of the 1905 act ("An act to provide for the creation of public water works districts in cities of ten thousand population or over; for the construction, purchase

or condemnation of water works therefor; for the issuing of bonds of such district for such purpose; and for the management of the same") is not sufficiently comprehensive to include the lien-provision contained in the disputed paragraph, and is in contravention of section 21, article 5 of our Constitution.

It is unnecessary to devote any extended discussion to this proposition. We have held on numerous occasions that the objection is not tenable if the wording of the act is "germane" or "clearly germane" to the title. *In re Breene,* 14 Colo. 401, 24 Pac. 3; *Roark v. People,* 79 Colo. 181, 244 Pac. 909.

The title clearly states that the act is "to provide for the creation of public water works districts * * * and for the management of the same." ' What could be more germane to "management" than the system of financing the district, which is what the lien provision does? Nothing more need be said on this point.

2. Coming now to the question of estoppel. The amended complaint as to this proposition reads as follows: "VIII. That, because, by reason, and as a result of the neglect and failure of the defendant to refuse to deliver water or water service to said premises unless all delinquencies should be paid in full, and because, by reason and as a result of its failure, during or prior to the period of foreclosure hereinbefore described, to make any claim of any kind or nature whatsoever, by lien or otherwise, in or to said premises or property, and by reason of the fact that at no time heretofore has the defendant or its board of trustees provided or adopted any order or rule for the collection or enforcement of said purported lien, either for the discontinuance of water service at said or any residence properties within its territorial limits or otherwise, or for any course or method of procedure in the premises, said defendant is now estopped, as against this plaintiff, to claim the right to refuse to deliver water to said premises, except only upon

the condition that charges for the use of such water since the 8th day of March, 1937, be paid.''

Clearly, plaintiff in error fails to make out a case of estoppel. In the first place, we seriously doubt its right to attempt to establish affirmative relief on such a plea; however, we deem it unnecessary to decide the point because counsel say in their brief: ''We confess to an inability to find authority upon the proposition that the failure of the defendant to exercise its right to refuse to deliver water unless its charges therefor be paid, operates to estop it now to assert a lien against the plaintiff.''

In the case of *Ordway v. Kaiser*, 90 Colo. 313, 9 P. (2d) 287, we held that ''the town's lien was not superior unless it attached prior to the recording of the trust deed and under an ordinance then in effect.'' While that case did not involve the question of estoppel, it inferentially holds that the lien is good from the time it attaches. In our case, the statute provides that the water charges ''shall become and be a continuing lien'' which is the usual provision in applicable statutes or ordinances; consequently, unreasonable delay in shutting off the water for non-payment of water bills is a factor irrelevant to the enforcement of the lien in conformity with the enabling statute. The General Assembly has not imposed any such limitation upon the lien. It is not within our province to do so. *Moran v. Seattle*, 179 Wash. 555, 38 P. (2d) 391, and cases therein cited.

Plaintiff in error was charged with notice of the statute and the continuity of the lien created under its provisions. Its confessed ignorance in fact of the same cannot form any basis for estoppel, even if pleadable in a case of this kind.

The point that counsel for plaintiff in error seek to make in their reply brief as to the distinction between municipally owned water works and those of the district here involved is not convincing. The only distinction urged is, ''The statutes relating to liens given municipal water works was not complicated by any section or pro-

472

vision, such as that contained in the act under which the defendant was created, which this court declared to be unconstitutional." If this was the only difference—and no other is pointed out—the statement is its own refutation, for it is to be observed that in *State ex rel. v. Water Supply Co., supra,* it is said, "The water company, *or* municipality" and makes no distinction between the two.

Having thus disposed of all points raised, and finding no error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE OTTO BOCK dissent.

MR. JUSTICE FRANCIS E. BOUCK not participating.