## No. 15,085.

Home Owners' Loan Corporation *v.* Meyer et al.

(136 P. [2d] 282)

Decided March 22, 1943.   Rehearing denied April 12, 1943.

Mr. SAMUEL H. STERLING, Mr. I. L. QUIAT, for plaintiff in error and defendants in error John and Violet V. Skoglund.

Mr. JAMES T. LOCKE, for defendant in error Meyer.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THE Home Owners' Loan Corporation, plaintiff in error, to which we hereinafter refer as the corporation, brought an action to have its "rights, status or other legal relation * * * ascertained and determined * * * under the terms and provisions of the Uniform Declaratory Judgment Law" as it applies to two deeds of trust executed by one John Lippis to the Public Trustee of Fremont county for the use of the corporation to secure repayment of several thousand dollars advanced by it to Lippis. John and Violet Skoglund were made parties because they were contract purchasers of the property described in the above deeds of trust from the corporation subsequent to the foreclosure of the second deed of trust. The trial court rendered judgment in favor of the corporation, but upon motion of C. W. F. Meyer, one of

the defendants in error, a new trial was granted on ground of newly discovered evidence. The corporation declined to offer any evidence in rebuttal of the new evidence and elected to stand on its case as originally made, whereupon the trial court reversed its former findings and entered judgment for defendants. The corporation seeks reversal on a writ of error.

The record disclosed the following factual situation which gave rise to the litigation: Lippis owned a home in Canon City. February 3, 1934, he gave a properly executed deed of trust on this property to the corporation to secure payment of $5,512.47 loaned him by it. He defaulted in his payments and the corporation foreclosed. The public trustee's sale was held on July 25, 1936, and a certificate of purchase issued to the corporation July 27, 1936.

Meanwhile, on February 26, 1936, defendant in error, J. M. Anderson—for whom C. W. F. Meyer is substituted here—as assignee of the stockholders of a bank, filed in the recorder's office a transcript of judgment against Lippis in the sum of $326.26.

April 6, 1937, the corporation assigned to Lippis "all its right, title and interest in and to the within and foregoing instrument [the certificate of purchase], and the property therein described." By virtue of the assignment, Lippis, the owner was granted a certificate of redemption of the property on May 7, 1937, according to the complaint, infra.

On the same day, viz., May 7, 1937, Lippis delivered to the corporation a new deed of trust dated and acknowledged March 15, 1937, on the same property, following a payment of $1,000 on the debt. This second deed of trust was recorded a couple of minutes subsequent to the recording of the assignment of the certificate of purchase.

Lippis again defaulted and the second deed of trust was foreclosed. April 25, 1939, a public trustee's deed was executed and delivered to the corporation, which, a year later, filed this action to have its status declared,

and prayed that its "title in and to the property herein-above described be declared to be superior, and that the same is free and clear of any lien or claim exerted or which may be made by the defendant."

We think the only issue in the case, from a factual standpoint, is that framed by paragraph 8 in the complaint, which alleges, in substance: That if Lippis would agree to recognize a first and prior lien in the corporation, it would thereupon assign to him its certificate of purchase. That such an agreement was reached and the corporation did assign its certificate of purchase to Lippis, "and the Public Trustee of Fremont county, Colorado, did thereupon issue a * * * certificate of Redemption to John Lippis dated May 7th, 1937 and which was recorded May 7, 1937 * * *"; whereupon Lippis executed the new deed of trust to the corporation.

In establishing this allegation at the first trial, the regional counsel for the corporation testified that he had no knowledge of the existence of the Anderson judgment, and the trial court was apparently satisfied with the proof.

A short time after entry of the court decree, it was discovered that there had been correspondence between a representative of the corporation and Lippis, in which Lippis stated that the corporation had requested him to see the bank, and "have that judgment fixed up—to take if off the property." This was the newly discovered evidence upon which the motion for new trial was granted. The corporation was served with a "notice to produce" this correspondence, but it failed to do so, and, as already indicated, elected to stand on its original showing, with the result that the court sustained Anderson's judgment.

As grounds for reversal, counsel for the corporation urges:

"1. The court erred in granting defendant's motion for a new trial.

"2. Plaintiff should be granted relief because its lien

of 1937 was merely a continuation and renewal of its lien of 1934 which was prior to the alleged lien of defendant's judgment.

"3. Plaintiff should be granted relief because its lien of 1937 was in fact a purchase money mortgage and therefore superior to the alleged lien of the defendant's judgment.

"4. Plaintiff should be granted equitable relief on the ground of subrogation.

"5. There was in fact no act of redemption as contemplated by the statute; if there was it should inure to the benefit of the plaintiff.

"6. If there was in fact a redemption, section 161, chapter 40, C.S.A. (1935) did not operate to extinguish plaintiff's equitable rights and does not have the effect of rendering defendant's junior lien a superior and prior lien to that of plaintiff."

1. The court did not err in granting the motion for a new trial. It is obvious that its first judgment was predicated upon the corporation's alleged ignorance of the Anderson judgment, and the then present inability of defense counsel to offer proof showing that knowledge. In the light of the newly discovered evidence that the corporation did have actual knowledge of the judgment and had in fact tried to get Lippis to pay, or compromise it, it is clear that a different judgment might have been rendered, and it was well within the court's discretion to grant the new trial. The fact of knowledge was the material issue. 36 Am. Jur. 918.

2. The argument that the second deed of trust was a continuation of the old one is not supported by the record. There is not a word in the second deed of trust indicating such situation. Whatever may have been the intention of the parties, they are bound by their actions, and, as we shall point out a little later, the controlling statute fixed the status of the parties when the corporation surrendered its certificate of purchase to Lippis.

3 and 4. The suggestion that the alleged continu-

ing deed of trust is a "purchase money mortgage" finds no support in either the pleadings or proof, and is a mere conclusion of law. The same is true of the corporation's claim to a right of subrogation. The argument on both these points is based upon the presumption that the second deed of trust was a continuing lien, and the long list of cases cited are based upon a similar presumption, or a factual showing justifying the conclusion.

■ 5 and 6. Contention is made that there was no act of redemption as contemplated by sections 158-161, chapter 40, '35 C.S.A. As already noted in the paragraph quoted from the complaint, "the Public Trustee of Fremont County, Colorado, did thereupon issue a Public Trustee's certificate of redemption to John Lippis, dated May 7th, 1937 and which was recorded May 7, 1937 * * *." Counsel may not now be heard to say that there was no redemption. If there was no redemption, then the corporation's whole theory must fail, because the very basis of its claim was that the new deed of trust was to be a first and prior lien.

■ It seems to us that the inescapable conclusion here is that it was not only the intention of the corporation and Lippis that there should be a redemption by Lippis, as the owner, but that there was such, and that, therefore, section 161, chapter 40, '35 C.S.A. is applicable. This section reads, in part, as follows: "If redemption be made by the owner of the premises, it shall annul the sale and leave the premises subject to all liens, which would have existed if no sale had been made, except the lien of the foreclosed mortgage, which shall be discharged by the sale." No similar statute in other jurisdictions has been called to our attention; hence the authorities cited are not of much assistance, and are in no way controlling.

■ One of two conditions must have existed in this case: Either counsel for the corporation must have been unaware of this statute; or he was relying upon a mistaken belief in the nonexistence of any intervening liens

to sustain his position. It is suggested in the record that this was due to excusable neglect. We would not take judicial notice of this—because an objection to the testimony concerning same was sustained—were it not for the fact that in its supplemental brief the corporation urges upon us the theory that it, the corporation, being an instrumentality of the United States Government, is not bound by the mistakes of its employees. Our answer to that is that when an agent of the Federal Government stands before the bar of this court on a matter involving property rights of citizens of this state, as guaranteed to them by the Constitution and laws of the state, the principal represented by such agent is in no better or worse position than any other property owner. Plaintiff in error has heretofore been so regarded. *Home Owners Loan Corp. v. Water Works District,* 104 Colo. 466, 92 P. (2d) 745. If he has made a mistake or lost an advantage, which by operation of law accrues to another, honesty and fair dealing require that he be dealt with simply as another litigant—no more, no less. The philosophy that "the king can do no wrong" has no place in our jurisprudence.

Upon reviewing this case, the court, in fairness to all, cannot refrain from a word of caution. The Uniform Declaratory Judgments Act, chapter 93, '35 C.S.A., was never intended to be a substitute for, or a short cut to, proper pleading. It specifically provides that all issues of fact shall be tried and determined as in other cases (§86). See Rule 57 (i) R.C.P. Colo. Trial courts are not called upon to decide matters not made issues by the pleadings. It is no surprise to see in this record remarks from the trial court to the effect that he was not trying the attorneys' case for them. See, *Gabriel v. Board of Regents,* 83 Colo. 582, 267 Pac. 407.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BURKE and MR. JUSTICE JACKSON concur,