Donald P. HICKS, Plaintiff–Appellee,

and

Robert C. Grubbs, Defendant–Appellee,

v.

Brian C. JOONDEPH, Shirley
S. Joondeph,

and

CitiMortgage, Inc., Intervenors–
Appellants.

No. 08CA1933.

Colorado Court of Appeals,
Div. V.

Nov. 12, 2009.

Certiorari Denied June 28, 2010.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2009.

Montgomery Little Soran & Murray, P.C., Frederick B. Skillern, C. Todd Drake, Greenwood Village, Colorado, for Plaintiff–Appellee.

No Appearance for Defendant–Appellee.

Hamil/Hecht, LLC, J. Lawrence Hamil, Alicia M. Smith, Denver, Colorado, for Intervenors–Appellants.

Opinion by Judge MÁRQUEZ.*

Brian C. Joondeph, Shirley S. Joondeph, and CitiMortgage, Inc. appeal the district court's order denying their motion to vacate its order granting Donald P. Hicks's motion for revival of judgment. We affirm.

## I. Background

The underlying facts are not in dispute. In September 2001, Hicks obtained a judgment against Robert C. Grubbs, who owned real property located in Englewood, Colorado (the Glenmoor Property) at that time. In October 2001, the judgment became a lien on the property when Hicks recorded a transcript of the judgment record in Arapahoe County. In January 2002, Grubbs sold the Glenmoor Property to Kent and Jennifer Londre, who, despite having obtained title insurance and having the title insurance company search the title of the property, did not have actual notice of the lien. Hicks brought a foreclosure action against the Londres, and the district court entered judgment in his favor. On appeal, a division of this court reversed, concluding that the Londres had priority over Hicks's lien based on the doctrine of equitable subrogation. *Hicks v. Londre,* 107 P.3d 1009 (Colo.App.2004), *aff'd,* 125 P.3d 452 (Colo.2005).

In September 2005, the Londres sold the Glenmoor Property to the Joondephs, who borrowed funds and signed a note secured by a deed of trust that was assigned to Citi-Mortgage. Unlike the Londres, the Joondephs had actual notice of Hicks's judgment lien when they purchased the property.

In February 2006, Grubbs's debts were discharged through bankruptcy. In March 2006, Hicks brought a foreclosure action against the Joondephs and CitiMortgage. The district court granted summary judgment in favor of the Joondephs and CitiMortgage. However, a division of this court reversed the judgment, and the supreme court granted certiorari but has yet to issue an opinion. *Hicks v. Joondeph,* 205 P.3d 432 (Colo.App.2008) (*cert. granted* Apr. 13, 2009).

In December 2006, Hicks filed a motion to revive his judgment because his lien was due to expire in September 2007. *See* § 13–52–102(1), C.R.S.2009 (a lien of judgment expires six years after the entry of judgment unless, prior to the expiration of such six-year period, such judgment is revived as provided by law and a transcript of the judgment record of such revived judgment, certified by the clerk of the court in which such revived judgment was entered, is recorded in the same county in which the transcript of the original judgment was recorded, in which event the lien shall continue for six years from the entry of the revived judgment). The clerk of the district court served Grubbs with a notice to show cause why the judgment should not be revived, but neither the clerk nor Hicks notified the Joondephs or CitiMortgage about the revival proceeding. Grubbs did not answer the notice, and the district court issued an order reviving the judgment in May 2007.

In January 2008, after learning about the revival order, the Joondephs and CitiMortgage filed a motion to intervene and vacate the order for revival of judgment. A hearing on the motion that was scheduled to take place in June 2008 was not held due to a trial conflict, but at that time counsel for Hicks stated that he did not object to allowing the Joondephs and CitiMortgage to intervene. The Joondephs and CitiMortgage then filed a motion to vacate the order for revival of judgment for failure to join an indispensable party. After full briefing on both motions, the district court granted the Joondephs' and CitiMortgage's motion to intervene but denied the motion to vacate the revival order. The district court made those orders final, and this appeal followed.

## II. Arguments on Appeal

The Joondephs and CitiMortgage argue that the district court erred by refusing to vacate the revival order because they were not given notice of the revival motion and because they were not joined as indispens-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2009.

able parties in the revival proceeding. We reject both arguments.

## A. Notice

The Joondephs and CitiMortgage contend that they were entitled to notice of the revival motion in accordance with the underlying purpose of C.R.C.P. 54(h) and due process, and therefore the district court erred in refusing to vacate the revival order as void pursuant to C.R.C.P. 60(b)(3). We disagree.

### 1. C.R.C.P 54(h)

■ "[W]e review a trial court's decision on a C.R.C.P. 60(b) motion for abuse of discretion." *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 604 (Colo.App.2007).

C.R.C.P. 54(h) provides, in pertinent part, as follows:

> To revive a judgment a motion shall be filed alleging the date of the judgment and the amount thereof which remains unsatisfied. Thereupon the clerk shall issue a notice requiring the judgment debtor to show cause within ten days after service thereof why the judgment should not be revived. The notice shall be served on the judgment debtor in conformity with Rule 4. If the judgment debtor answer[s], any issue so presented shall be tried and determined by the court.

■ According to the Joondephs and CitiMortgage, one of the underlying purposes of C.R.C.P. 54(h) is to provide the owners and mortgagees of a property affected by a lien "proper notice and an opportunity to show cause why the lien should not be revived." However, by its plain language, the rule requires notice to be served on the *judgment debtor* and provides the *judgment debtor* the opportunity to have issues tried and determined by the court. The Joondephs and CitiMortgage concede that Hicks complied with the technical requirements of C.R.C.P. 54(h). Accordingly, because the language of the rule is plain and its meaning is clear, the rule must be enforced as written. *See Baum v. Baum*, 820 P.2d 1122, 1123 (Colo.App.1991).

### 2. Due Process

■ The Joondephs' and CitiMortgage's contention that the revival order violated their due process rights also fails. Procedural due process requires "adequate advance notice and an opportunity to be heard prior to state action resulting in deprivation of a significant property interest." *Mountain States Tel. & Tel. Co. v. Dep't of Labor & Employment*, 184 Colo. 334, 338, 520 P.2d 586, 588 (1974).

Here, the Joondephs and CitiMortgage have failed to show a deprivation of their interest in the Glenmoor property. *See In re 2000–2001 Dist. Grand Jury*, 97 P.3d 921, 927 (Colo.2004) (cognizable life, liberty, or property interest affected by governmental body required to trigger due process analysis). They acquired their interests in the Glenmoor Property with actual notice of Hicks's judgment lien. In addition they had constructive notice of the statute allowing the judgment to be revived and the lien continued. *See Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 572–73 (Colo.2008) (general contractor presumed to have knowledge of building code); *Home Owners' Loan Corp. v. Public Water Works Dist. No. 2*, 104 Colo. 466, 471, 92 P.2d 745, 747 (1939) (party "was charged with notice of the statute and the continuity of the lien created under its provisions."). Thus, the district court properly determined that they were "in no worse position" as a result of the revival order than they were when they acquired their interest in the property.

Because the Joondephs and CitiMortgage were not entitled to notice of the revival motion under C.R.C.P. 54(h), nor were they denied due process, the district court did not abuse its discretion in denying their motion to vacate the revival order.

## B. Indispensable Parties

We also reject the Joondephs' and CitiMortgage's contention that the district court erred in denying their motion to vacate the revival order because Hicks failed to join them as indispensable parties under C.R.C.P. 19(a)(2)(A) in the initial revival proceeding.

■ "Unless the trial court's resolution of a joinder issue reflects a clear abuse of discretion, we may not overturn that decision on appeal." *Dunne v. Shenandoah Homeowners Ass'n*, 12 P.3d 340, 344 (Colo.App. 2000); *see also Lyon v. Amoco Production Co.*, 923 P.2d 350, 356 (Colo.App.1996) ("The weight of authority supports the proposition that decisions under C.R.C.P. 19 and the federal rule, which is similar, are subject to review for an abuse of discretion."). "[W]hether a party is characterized as indispensable turns on the facts of each case." *Dunne*, 12 P.3d at 344 (citing *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 890 (Colo.1986)).

C.R.C.P. 19(a) provides, in relevant part:

A person who is properly subject to service of process in the action shall be joined as a party in the action if: ... (2) he [or she] claims an interest relating to the subject of the action and is so situated that the disposition of the action in his [or her] absence may: (A) [a]s a practical matter impair or impede his ability to protect that interest....

In *Woodco v. Lindahl*, 152 Colo. 49, 380 P.2d 234 (1963), the supreme court stated the test for indispensability as follows:

Is the absen[t] person's interest in the subject matter of the litigation such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the right of such absent person?

152 Colo. at 54–55, 380 P.2d at 238 (quoting *Ford v. Adkins*, 39 F.Supp. 472, 473 (E.D.Ill. 1941)); *see Frazier v. Carter*, 166 P.3d 193, 195 (Colo.App.2007) (indispensable parties include a person or entity whose absence prevents complete relief from being accorded among those already parties).

■ Here, we have to consider the question whether C.R.C.P. 19(a) applies to the Joondephs and CitiMortgage. Though the failure to join an indispensable party is such an egregious defect that the court may dismiss the action on its own motion, *Hidden Lake Development Co. v. District Court*, 183 Colo. 168, 173, 515 P.2d 632, 635 (1973), we conclude that the Joondephs and CitiMortgage are not indispensable parties.

When a transcript of the judgment record is properly recorded, the judgment becomes "a lien upon all the real estate, not exempt from execution in the county where such transcript of judgment is recorded, owned by such judgment debtor or which such judgment debtor may afterwards acquire in such county." § 13–52–102(1), C.R.S.2009; *see Franklin Bank v. Bowling*, 74 P.3d 308, 313 (Colo.2003).

In the present case, the Joondephs and CitiMortgage do not dispute that neither of them had an interest in the real property at the time Hicks obtained his judgment against Grubbs or at the time he recorded a the transcript of the original judgment record. Those events occurred in 2001, and the Joondephs did not purchase the property until 2005. The assignment of the deed of trust to CitiMortgage followed. Thus, neither the Joondephs nor CitiMortgage would have been proper parties in the action before Hicks obtained his judgment against Grubbs.

The order at issue here is not one that disposed of the action within the meaning of C.R.C.P. 19(a); it is simply one that revived Hicks's judgment. Because Hicks's dispositive judgment and lien existed well before the Joondephs purchased the property and CitiMortgage was assigned the deed of trust, they are not persons or entities whose interest in the property is such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the rights of the absent parties. *See Woodco v. Lindahl*, 152 Colo. at 54–55, 380 P.2d at 238; *Frazier v. Carter*, 166 P.3d at 195.

■ Nor is there any provision in section 13–52–102(1) or C.R.C.P. 54(h) that requires joinder of every person or entity who may obtain an interest in the property after the dispositive judgment has been obtained and the transcript of judgment recorded. "Mere interest in the subject matter of litigation, even if the interest is substantial, is insufficient to make a party indispensable." *Bd. of County Comm'rs v. Roberts*, 159 P.3d 800, 807 (Colo.App.2006).

Here, although the Joondephs and Citi-Mortgage obtained a post-judgment interest in the Glenmoor Property that might be affected by the revival proceeding, the revival proceeding did not impair or impede their ability to protect their interest in the property. Again, as the district court noted, they were "in no worse position … than when they first purchased the property." Because the revival order did not injuriously affect their rights to any degree beyond which those rights had already been affected, the Joondephs and CitiMortgage were not indispensable parties.

 We reject for two reasons the argument advanced by the Joondephs and CitiMortgage that because they had sufficient interest in the action to intervene pursuant to C.R.C.P. 24(a)(2), they necessarily were indispensable parties. First, a party permitted to intervene pursuant to C.R.C.P. 24 is not necessarily indispensable pursuant to C.R.C.P. 19. C.R.C.P. 24(a)(2) provides for one situation in which, upon timely application, a party shall be permitted to intervene in an action, that is, "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest." In contrast, though the language of the two rules is similar, C.R.C.P. 19 involves a two-step analysis. A court must determine first whether the party is necessary within the meaning of C.R.C.P. 19(a) and second whether the party is indispensable based on the factors of C.R.C.P. 19(b). *See Lyon*, 923 P.2d at 356–57.

Second, that the Joondephs and CitiMortgage were permitted to intervene does not compel the inference that they satisfied the criteria of C.R.C.P. 24(a). To the contrary, the record shows that the Joondephs and CitiMortgage were permitted to intervene because Hicks "did not object to [their] right to intervene." Thus, we agree with the district court's implicit determination that joinder of the Joondephs and CitiMortgage was not required because they were not indispensable parties. *See Rush Creek Solutions, Inc. v. Ute Mountain Ute Tribe*, 107 P.3d 402, 406 (Colo.App.2004) ("[W]e may affirm the trial court's ruling based on any grounds that are supported by the record.").

Therefore, the district court's order denying the Joondephs' and CitiMortgage's motion to vacate the revival order is affirmed.

Judge HAWTHORNE and Judge CRISWELL * concur.